**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**WILSON EASTON,**

                 **Petitioner,**

  v.                                         **Civil Action No.
9:10-CV-00281
(GLS/ATB)**

**DEBORAH SHULT,**

                 **Respondent.**

---

**APPEARANCES:**

**WILSON EASTON, 04293-036**
 **Petitioner *Pro Se***
**F.C.I. Ray Brook**
**P.O. Box 300**
**Ray Brook, New York 12977**

**GARY L. SHARPE
UNITED STATES DISTRICT JUDGE**

## DECISION AND ORDER

Presently before the Court is Wilson Easton's[1] petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, a memorandum of law ("Mem."), and a motion to proceed *in forma pauperis*. Dkt. Nos. 1, 2. Petitioner, who is confined at the Federal Correctional Institution at Ray

---

[1] Petitioner's full name appears to be Easton Anthony Wilson. *See United States v. Wilson*, 1:03-CR-00018 (D. Maine).

Brook, New York, has not paid the required filing fee for this action. For the reasons that follow, the petition is dismissed for lack of jurisdiction.

## I.    Background

Petitioner was convicted, following a guilty plea, of conspiracy to import cocaine and to distribute cocaine base, and possession with the intent to distribute cocaine base in the United States District Court for the District of Maine. Dkt. No. 1 at 2. He was originally sentenced to serve an aggregate term of 360 months in prison. *See United States v. Wilson*, No. 1:03-cr-00018, Dkt. No. 353. The United States Court of Appeals for the First Circuit affirmed Petitioner's conviction, but vacated his sentence and remanded the case to the district court for re-sentencing in light of the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220, 226-27 (2005).[2] *Id.* at Dkt. 525 (*United States v. Wilson*, No. 04-1786, 135 Fed. Appx. 444, 2005 WL 1399302 (1st Cir. 2005)).

On September 1, 2005, Petitioner was re-sentenced to a term of 360 months in prison. *Wilson*, No. 1:03-cr-00018, at Dkt. No. 534. On appeal, Petitioner argued, among other things, that the district court erred

---

[2]     In *Booker*, the Supreme Court held that the Sixth Amendment applied to the Federal Sentencing Guidelines and concluded that the provisions that made the guidelines mandatory should be excised. 543 U.S. at 226-27.

by enhancing his guideline sentence based on attribution to him of prior criminal conduct under the alias "Anthony Brown." *See Wilson*, No. 05-2452, 185 Fed. Appx. 6, 8, 2006 WL 1703805 (1st Cir. Jun. 22, 2006). The First Circuit affirmed, finding that Petitioner failed to demonstrate that the district court's findings regarding this criminal conduct were "clearly erroneous." *Id.* at *10.

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he argued, among other things, that counsel was ineffective during appeal proceedings because he should have obtained exculpatory documents to prove that although Petitioner was arrested under the name Anthony Brown, no charges were ultimately filed against him, and the arrest should not have been used to enhance his sentence. In a Report-Recommendation dated June 18, 2007, the magistrate judge recommended that the motion be denied. *Wilson*, 2:07-cv-012, Dkt. Nos. 1, 14 (2007 WL 1774315 (D. Maine Jun. 18, 2007)). The Report and Recommendation was adopted on July 10, 2007. Wilson, No. 2:07-cv-012, Dkt. No. 16. Petitioner filed late objections to the Report and Recommendation, which were denied on July 16, 2007. *Id.* at Dkt. No. 19; *Wilson*, 2007 WL 2192886. Petitioner's motion for reconsideration

was denied on July 24, 2007. *Id.* at Dkt. No. 20. In a Mandate dated February 19, 2008, the First Circuit denied a certificate of appealability and terminated the appeal. Dkt. No. 32.

While his section 2255 motion was pending, Petitioner filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *Wilson*, No. 1:03-cr-00018, at Dkt. No. 598. Petitioner's motion was granted on May 28, 2008, and his sentence was reduced to an aggregate term of 257 months. *Id.* at Dkt. No. 682. In a Mandate dated February 5, 2009, the First Circuit affirmed. *Id.* at Dkt. No. 738. It rejected Petitioner's claim, raised for the first time on appeal, that the government failed to provide him with exculpatory evidence that would have substantiated his claim that he was not Anthony Brown. *Id.* at 2. It noted that this claim was not raised in Petitioner's section 2255 motion, and an "attempt to do so at this time would require permission from this court to file a second or successive § 2255 motion" and that there was nothing in Petitioner's claim "to suggest that he could satisfy the requirements for such authorization." *Id.*

## II. The Petition

In his petition, Petitioner claims that at sentencing, he was falsely accused of being an individual named Anthony Brown, and a prior offense under Brown's name was used to increase his criminal history score, resulting in an enhanced sentence. Dkt. No. 1 at 3. He asserts that he is "actually innocent" of Brown's offense, and that his due process rights were violated because he was not given an opportunity to have a "true and correct fact finding of guilt or innocence" of the prior conviction. *Id.*

### III. Discussion

Depending on the circumstances, a federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence. *Adams,* 372 F.3d at 134; *McQueen v. Shult*, No. 08-CV-903, 2008 WL 4757356, at *2 (N.D.N.Y. Oct. 28, 2008)(Sharpe, J. adopting Rep.-Rec. by Lowe, M.J.). By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135. For example, a petitioner may use a section 2241 petition to challenge a

federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and must be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under section 2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 (e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the

6

existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363). *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003), *cert. denied* 540 U.S. 1210 (2004).  If a prisoner cannot make this showing, section 2241 cannot be invoked, and the petition must either be re-cast as a section 2255 motion or dismissed. *Cephas*, 328 F.3d at 104.

The fact that Petitioner has invoked section 2241 does not require the Court to so construe it.  Rather, " 'it is the substance of the petition, rather than its form, that' governs."  *Cook,* 321 F.3d at 278 (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). It is clear that Petitioner is challenging the validity of the imposition of his sentence, rather than the execution of his sentence. *See, e.g., Poindexter,* 333 F.3d at 378 (petitioner's challenge to the sentencing court's finding that his criminal record qualified him to be sentenced as a career offender fell within the scope of a section 2255 motion); *Jennings v. United States*, No. 08-CV-3661, 2009 WL 1230317, at *4 (E.D.N.Y. Apr. 29, 2009)(claim that the calculation of criminal history points for purposes of sentencing was erroneous constituted a second or successive habeas petition under

section 2255). His petition should therefore have been brought pursuant to section 2255 in the district court that sentenced him.

Petitioner likely labeled his petition a section 2241 petition in order to avoid the gate-keeping provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a federal prisoner may not file a second or successive motion without first receiving certification from the appropriate court of appeals that the petition contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (h). A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004). *See, e.g., Burton v. Stewart*, 549 U.S. 147, 153 (2007)(habeas petition was a second or successive petition because the petitioner "twice brought

8

claims contesting the same custody imposed by the same judgment of a state court. As a result . . . he was required to receive authorization from the Court of Appeals before filing his second challenge.").

Here, Petitioner previously filed a section 2255 motion in the United States District Court for the District of Maine, which was adjudicated on the merits. His current petition, if construed as a section 2255 motion, would be a second or successive motion.  When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ... the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (internal citations omitted).

The Court elects to follow the latter course.  Treating this petition as a second or successive section 2255 motion and transferring it to the appropriate circuit court - here, the First Circuit - would be inefficient. Nothing in the petition indicates that Petitioner could satisfy either of the

prerequisites for receiving permission to file a second or successive petition, *i.e.*, that the petition is supported by newly discovered evidence or a new rule of constitutional law that has been made retroactively applicable to cases on collateral review.  Even if the First Circuit were to certify a second or successive section 2255 petition, this Court would lack jurisdiction to entertain that petition.  A petitioner must file such a petition in the sentencing court.  28 U.S.C. § 2255.  Petitioner was sentenced in the District of Maine.

Petitioner's section 2241 petition must be therefore be dismissed unless he can demonstrate that a remedy under section 2255 is inadequate or ineffective, that he is actually innocent, and that his claim could not have been raised earlier.  Petitioner has failed to meet his burden.

The Second Circuit has held that a remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams*, 372 F.3d at 135 (emphasis in original)(citing *Jiminian*, 245 F.3d at 147-48).

Here, Petitioner's claim is that he is "actually innocent" of the criminal charges under the name "Anthony Brown" and his due process rights were violated by the district court's attribution of this criminal history to him. Dkt. No. 1 at 3. Petitioner's argument does not constitute "a claim of 'actual innocence' as that term is used . . . in habeas jurisprudence generally." *Poindexter,* 333 F.3d at 382 (explaining the term "actual innocence" and finding that "whatever the merit of the contention that the Guidelines were misapplied in the treatment of Poindexter's three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence.").

Moreover, the substance of Petitioner's claims was available to him on direct appeal and in his prior section 2255 motion. As previously noted, variations of these claims were, in fact, raised in both prior proceedings and rejected. *See Wilson*, 185 Fed. Appx. at 10; *Wilson*, No. 2:07-cv-012, Dkt. No. 14, 2007 WL 1774315, at *8-9. Since his claims could have been, and were, raised in prior proceedings, Petitioner cannot demonstrate that these claims were previously unavailable to him. *See Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003)(" 'serious

constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion.") (citing *Jiminian*, 245 F.3d at 147-48), *cert. denied* 540 U.S. 1206 (2004); *Cephas*, 328 F.3d at 105 ("[W]here ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").[3]

In sum, Petitioner "cannot demonstrate that a § 2255 motion would be inadequate or ineffective to test the legality of his present detention because the petition does not raise a serious constitutional question and the issues raised in the instant petition could have been raised -and were raised - . . . earlier[.]" *Bostic v. Williamson*, No. 04-CV-0769E, 2004 WL 2271386, at *4 (W.D.N.Y. Sept. 30, 2004).  *See Joost v. Apker*, 476 F. Supp. 2d 284, 291 (S.D.N.Y. 2007) (dismissing § 2241 petition because petitioner did "not assert any claim of actual innocence or any other reason why the failure of collateral review on his stated grounds would

---

[3] Even if Petitioner had successfully invoked the savings clause, it is not clear that venue in this District would be appropriate because Petitioner's claim is a challenge to the validity of the imposition of his sentence, which is properly brought only in the sentencing court.

raise a serious constitutional question ... [and] provide[d] no reason why he could not have asserted his present argument in his earlier § 2255 motion [.]"); *Gordon v. Craig*, 05-CV-0730, 2005 WL 1719763, at *2 (N.D.N.Y. July 22, 2005)(Sharpe, J.) ("While it [sic] unclear whether Gordon raised the present claims in a § 2255 motion, it appears he could have raised them. He cannot not [sic] now resort to § 2241 merely to save his claims, which are now most likely time-barred."). The petition is therefore dismissed.

**WHEREFORE,** it is hereby

**ORDERED,** that the petition (Dkt. No. 1) be dismissed for lack of jurisdiction; and it is further

**ORDERED**, that Petitioner's application to proceed *in forma pauperis* (Dkt. No. 2) is denied as moot.

**IT IS SO ORDERED**.

March 26, 2010

*Gary L. Sharpe*
United States District Court Judge